IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-06135-CV-SJ-GAF |
| | ) |
| THE ESTATE OF JOSHUA Q. ECKERSON, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is Plaintiff Jane Doe's ("Plaintiff") Motion for Leave to Proceed under Pseudonym. (Doc. # 4). Per the Docket Sheet, none of the named Defendants (the Estate of Joshua Q. Eckerson, Lisa Worrell, and Harrison County (collectively "Defendants")), have been served with Plaintiff's Complaint (Doc. # 1). (*See generally* Docket Sheet). Nor have they been served with the pending Motion. (*Id.*). Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, a written motion must be served on every party unless the motion is one that can be heard ex-parte. A request to file under pseudonym is one such motion because in the Eighth Circuit, "'[w]hen a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so.'" *Capers v. Nat'l R.R. Passenger Corp.*, 673 F. App'x 591, 593 (8th Cir. 2016) (quoting *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001)).

Accordingly, "the decision whether to permit a plaintiff to proceed anonymously is within a court's discretion." *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999) (citing *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993)). In undertaking the inquiry, the Court must balance the movant's interest in retaining anonymity against the public's right to transparent prosecution. *In re Ashley Madison Customer Data Sec. Breach Litig.*, No. 2669, 2016 WL

1366616, at *2 (E.D. Mo. Apr. 6, 2016) (citation omitted). The Supreme Court has stated that "'[a] trial is a public event. What transpires in the court room is public property.'" *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1029 (D. Minn. 1998) (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947)). Therefore, "[t]here is a strong presumption against allowing parties to use a pseudonym." *Id*. Indeed, Rule 10(a) of the Federal Rules of Civil Procedure requires the title of a complaint to "name all the parties."

Though the Eighth Circuit has not provided explicit guidance for evaluating pseudonymous requests, it has allowed prosecution of anonymous claims in the past. *Heather K. ex rel. Anita K. v. City of Mallard, Iowa*, 887 F. Supp. 1249, 1255 (N.D. Iowa 1995) (citing *Doe v. Poelker*, 497 F.2d 106 (8th Cir. 1974)). Federal courts in other circuits have adopted a "totality-of-the-circumstances" test to balance whether a plaintiff "has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings." *Roe v. St. Louis Univ.*, No. 4:08CV1474 JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009) (quotation and citation omitted) (collecting cases from the 2nd, 9th, 10th, and 11th circuits). These courts have identified common factors for cases allowing anonymous prosecution including suits where a plaintiff (1) challenges government activity; (2) is forced to reveal details "of the utmost intimacy;" and (3) risks criminal prosecution by revealing his or her participation in a crime. *Id*. "The common thread running through [cases where anonymous protection has been granted] is the presence of some social stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record." *In re Ashley Madison*, 2016 WL 1366616 at *3. (quotation and citation omitted).

In the absence of other guidelines, district courts in the Eighth Circuit often apply the above factors when evaluating anonymity motions. *See id*. (granting pseudonym request for student

alleging rape and subsequent coverup on a college campus due to second factor); *Priority Pharmacy, Inc.*, 184 F.R.D. at 617 (allowing an AIDS patient to file an anonymous complaint against a pharmaceutical company because his medical condition is a personal matter of utmost intimacy); *Beaudet,* 21 F. Supp. 2d at 1030 (denying anonymity request because sexual harassment claim against landlord did not qualify as matter of utmost intimacy sufficient to outweigh public trial).

Plaintiff argues her privacy is entitled to protection under the second factor because her Complaint (Doc. # 1) contains allegations of rape and repeated sexual assault by government actors that could lead to stigmatization and public embarrassment if she is not allowed to proceed anonymously. (Doc. # 5, pp. 3-5). The Court agrees.

Unlike *Beaudet*, where a plaintiff's petition to proceed under pseudonym on a Title VII sexual harassment claim was denied because such cases are common and not permitted to proceed anonymously unless the movant articulates valid safety concerns, rape allegations have historically been considered matters of utmost intimacy warranting additional protections. *Compare Beaudet*, 21 F. Supp 2d at 1030 *with St. Louis Univ.*, 2009 WL 910738 at *4 (citing *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)). Notably, courts have denied pseudonymous requests where the names of sexual assault victims were previously released to the public, but that does not appear to be the case here. *See St. Louis Univ.*, 2009 WL 91073 at *4.

Given the sensitive nature of Plaintiff's allegations and potential for social stigma, Plaintiff's entitlement to privacy outweighs the customary openness of judicial proceedings in the current cause. Accordingly, Plaintiff's Motion for Leave to Proceed under Pseudonym is GRANTED.

3

**IT IS SO ORDERED.**

                                                                                       s/ Gary A. Fenner  
                                                                                       GARY A. FENNER, JUDGE  
                                                                                       UNITED STATES DISTRICT COURT

DATED: October 8, 2020