# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 5:20-cv-06135-DGK ) |
| THE ESTATE OF JOSHUA Q. ECKERSON, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

This lawsuit is brought under 42 U.S.C. § 1983 by Jane Doe ("Plaintiff") against the Estate of Joshua Q. Eckerson, individually ("Eckerson") and Harrison County, Missouri ("Harrison County") (collectively, "Defendants").[1] Plaintiff brings six claims: Violation of the Fourth and Fourteenth Amendments against Defendant Eckerson (Count I); Intentional Infliction of Emotional Distress against Defendant Eckerson (Count II); Willful Failure to Supervise against Defendant Harrison County (Count III); Violation of the Fourth and Fourteenth Amendments against Defendant Harrison County (Count IV); Negligent Supervision against Defendant Harrison County (Count V); and Intentional Infliction of Emotional Distress against Defendant Harrison County (Count VI).

Now before the Court is Defendant Eckerson's Motion for Summary Judgment, ECF No. 86, and Defendant Harrison County's Motion for Summary Judgment, ECF No. 84. Defendants allege they are entitled to summary judgment on all claims. Plaintiff dismissed Counts II, V, and VI in her suggestions in opposition to summary judgment, *see* Pl.'s Opp. at 1, ECF No. 92, and

---

[1] Plaintiff also sued Defendant Lisa Worrell, who was later dismissed as a party to this action. *See* Order Granting Mot. to Dismiss Party, ECF No. 80.

thus, only Counts I, III, and IV remain. For the reasons stated below, Defendants' motions are GRANTED.

## Summary Judgment Standard

Summary judgment is appropriate if, viewing all facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving part[ies]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the burden of showing this lack of genuine dispute as to any material fact, *Celotex Corp.*, 477 U.S. at 323, and the Court views the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). To survive a motion for summary judgment, the nonmoving party must nonetheless substantiate her allegations with "sufficient probative evidence [that] would permit a finding in [her] favor on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (quotation omitted).

## Factual Background

The Court has limited the facts to those that are undisputed and material to the pending summary judgment motion. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a). The Court also excluded legal conclusions, argument presented as fact, and proposed facts not properly supported by the record or admissible evidence. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a). For instance, the Court omitted proposed facts that cite only Plaintiff's complaint or interview reports conducted by the Federal

2

Bureau of Investigation and Missouri State Highway Patrol. *See* Pl.'s Opp., Exhibits 5–8. Plaintiff did not indicate how the latter documents are admissible and Defendant objects to their usage as inadmissible hearsay, to which the Court agrees. *See Walker v. Wayne Cnty., Iowa*, 850 F.2d 433, 435 (8th Cir. 1988) ("[W]ithout a showing of admissibility, a party may not rely on hearsay evidence to support or oppose the motion.").[2]

Plaintiff also did not controvert or otherwise respond to any of Defendants' proposed facts. Accordingly, all Defendants' facts are deemed admitted. *See* L.R. 56.1(b)(1) ("Unless specifically controverted by the opposing party, all facts set forth in the statement of the movant are deemed admitted for the purpose of summary judgment."). The facts are as follows:

At all times relevant to this lawsuit, Defendant Eckerson was the elected sheriff of Harrison County, Missouri. Deputy Kevin Lawson was employed by Defendant Harrison County and served as the property and evidence officer. Plaintiff's date of birth is February 4, 1995.

In 2015, Plaintiff was providing information to Deputy Lawson as a confidential informant ("CI") to help her brother who was involved with individuals who had stolen a vehicle. On September 20, 2015, arrests relating to the stolen vehicle investigation were made at Plaintiff's residence after Plaintiff told Deputy Lawson the suspects were at her residence. Plaintiff was arrested "for show" to preserve her status as a CI.

Plaintiff stayed at the Sheriff's Department for a few hours, and then Defendant Eckerson drove her home. This was the first time Plaintiff met Defendant Eckerson. According to Plaintiff,

---

[2] While generally police reports are admissible "to the extent . . . they incorporate firsthand observations of the officer," these reports are not firsthand observations but rather interview summaries of four different individuals. *United States v. Taylor*, 462 F.3d 1023, 1026 (8th Cir. 2006) (quotation omitted) (finding police report contained inadmissible double hearsay where it simply recited third party statements to the police). Here, the interviews are not reported verbatim in the report, nothing indicates they are sworn statements, and one report even has handwritten annotations (presumably made by the interviewee) throughout its pages. *See Walker*, 850 F.2d at 435 (finding unsworn police interviews where statements were not reported verbatim constituted inadmissible double hearsay); *United States v. Ortiz*, 125 F.3d 630, 632 (8th Cir. 1997) (finding report prepared by Drug Enforcement Administration agent constituted double hearsay because it mainly recited what an informant told the agent); *see also* Fed. R. Evid. 803.

3

during that transport, Defendant Eckerson "told [her] that only the coroner can arrest him and made a joking comment to only do bad things in Harrison County because he could control that." Pl.'s Dep. at 39:20–25, ECF No. 85-1. Plaintiff stated "[this] was a joke." *Id.* Defendant Eckerson also asked Plaintiff about a bruise on her buttocks. After he dropped her off, Defendant Eckerson sent Plaintiff a text message saying something to the effect of "I can't stop thinking of your ass." *Id.* at 38:21–22. In response, Plaintiff invited Defendant Eckerson back to her residence, stating "Come over and get some." *Id.* at 38:24–25, 39:1. Plaintiff made this statement because she hoped to gain a benefit for her family and brother (who was in legal trouble) by becoming involved with the sheriff.

Later that evening, Defendant Eckerson returned to Plaintiff's residence, and she had voluntary sex with him. Plaintiff believed Defendant Eckerson wanted to have sex with her simply because he was a man and wanted to have sex. Plaintiff continued to have a voluntary sexual relationship with Defendant Eckerson because she was trying to gain a benefit for her brother and family. During their relationship, Defendant Eckerson made drugs available to Plaintiff. Defendant Eckerson did not force her to take the drugs; she consumed those drugs voluntarily.

Plaintiff's relationship with Defendant Eckerson lasted approximately six months, ending in the spring of 2016. Plaintiff terminated the relationship after Defendant Eckerson "told his wife he had feelings for [Plaintiff]," which "weirded [her] out" considering she did not have the same feelings for him. *Id.* at 42:2–17.

After the relationship was terminated, Defendant Eckerson charged Plaintiff criminally with seven counts of receiving stolen property, all of which Plaintiff admitted were "valid" charges. *Id.* at 42:20–25, 43:1–7. Prior to being criminally charged, Plaintiff disclosed her sexual relationship with Defendant Eckerson to Harrison County Prosecuting Attorney Christine

4

Stallings. However, Ms. Stallings discussed these allegations with Defendant Eckerson and told him she was going to charge Plaintiff regardless of any sexual relationship. Plaintiff was ultimately convicted of those charges. Plaintiff did not appeal her conviction, and it has not been overturned.

In August or September of 2016, Plaintiff was placed on probation. Officer Lisa Worrell served as one of Plaintiff's probation officers. Plaintiff had meetings with Officer Worrell at the Harrison County Jail, which generally lasted approximately 30 minutes. Defendant Eckerson was present during three to five of those probation meetings. Defendant Eckerson did not ask Plaintiff any questions or say anything during those meetings; rather, he would stand behind Officer Worrell. When he was there, he did not stay for the entire meeting and would leave after five or ten minutes. According to Plaintiff, Defendant Eckerson's presence at the probation meetings "had no impact on the information [she] gave in response to any questions that were posed." *Id.* at 66:4–9. Plaintiff testified that Officer Worrell never wrongly determined Plaintiff was in violation of her probationary terms.

It is Deputy Lawson's testimony that sometime in late 2016 he became aware of rumors that Plaintiff and Defendant Eckerson had sex but was not actually aware of such information. *See* Lawson Dep. at 52:16–25, 53:1–9, ECF No. 92-2.

Defendant Eckerson died on March 5, 2020. Approximately six to eight months prior to Defendant Eckerson's death, Deputy Lawson was aware Defendant Eckerson was under investigation for taking training drugs and trading them to Plaintiff for steroids. Deputy Lawson and Bethany Police Officer Trevor Place inspected the storage locker and noted that canine training narcotics were missing. Other than calling a DEA task force officer, Deputy Lawson took no action to document the missing narcotics. In late 2019 or early 2020, Deputy Lawson created a

5

new document reflecting only the property still inside of the property room. Deputy Lawson stated he did this at the direction of Defendant Eckerson.

On September 3, 2020, Plaintiff filed this lawsuit against Defendants.

## Discussion

As an initial matter, Plaintiff's briefing is, at times, difficult to follow. Because Plaintiff failed to respond correctly to Defendants' proposed facts—thereby admitting her conduct was consensual—any argument she makes against consent seems contradictory. Pushing that aside, however, countless other problems remain. Plaintiff picks and chooses which of Defendants' arguments to respond to. As for the arguments she does respond to, she fails to specify which Defendant it applies to and which facts support her argument. Her complaint offers little clarity and is equally as confusing. For instance, Count IV of Plaintiff's complaint is titled "Count IV Defendant Harrison County 42 U.S. § 1983 Violation of the Fourth and Fourteenth Amendments;" however, the substance of Count IV only alleges a Fourteenth Amendment violation. See Pl.'s Compl. at ¶¶85–91. Lastly, Plaintiff spends a sizeable portion of her response arguing Defendants violated her Eighth Amendment rights, which the Court declines to address given she raised the issue for the first time here. *See N. States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1057 (8th Cir. 2004) (stating parties cannot "manufacture claims, which were not pled, late into the litigation for the purpose of avoiding summary judgment"). With these deficits flagged, the Court proceeds with its analysis.

Plaintiff's complaint alleges three remaining § 1983 violations: Violation of the Fourth and Fourteenth Amendments against Defendant Eckerson (Count I); Willful Failure to Supervise against Defendant Harrison County (Count III); and Violation of the Fourth and Fourteenth Amendments against Defendant Harrison County (Count IV). Each Count alleges Plaintiff

suffered a constitutional deprivation because of Defendant Eckerson's misconduct, which includes forcing Plaintiff into "coerced" sexual interactions and providing Plaintiff with illegal drugs.[3]

Defendants move for summary judgment on each Count, arguing Plaintiff voluntarily consented to the sexual interactions with Defendant Eckerson and the use of drugs. Plaintiff responds that a genuine dispute of fact exists as to whether Plaintiff voluntarily consented.

### I. Defendant Eckerson is entitled to summary judgment on Count I.

Count I of Plaintiff's complaint states (1) Defendant Eckerson's show of authority constituted an unlawful seizure under the Fourth Amendment and (2) his use of nonconsensual physical force to engage in unwanted sexual intercourse with her was a violation of the Fourteenth Amendment. *See* Pl.'s Compl. at ¶¶ 56–57. The Court addresses each argument in turn.

#### A. Defendant Eckerson did not violate Plaintiff's Fourth Amendment rights.

Defendant Eckerson argues there was no Fourth Amendment violation because the sexual interactions and drug usage were consensual. Plaintiff argues otherwise, stating Defendant Eckerson utilized the fear of his authority to convince Plaintiff to acquiesce to the conduct.

First, Plaintiff fails to cite controlling caselaw in her response, and instead only cites one non-binding case discussing the Eighth Amendment (which, as stated earlier, the Court will not address). *See* Pl.'s Opp. at 6. This violates Local Rule 7.0(a) which requires written briefs to be

---

[3] Plaintiff's complaint also alleges Defendant Eckerson (1) "began pursuing Plaintiff with criminal charges" after she terminated their sexual relationship, resulting in her being "convicted of multiple felony offenses;" and (2) attended Plaintiff's probation meetings where he "continued to threaten Plaintiff . . . to prevent her [from] disclosing his abuse and illegal activities." *See* Pl.'s Compl. at ¶¶ 38–39, 44. While it is unclear whether Plaintiff intended to incorporate these allegations into her § 1983 claims, Defendants analyze these issues in their motions for summary judgment just in case. The Court, however, disregards these allegations for purposes of summary judgment for two reasons. First, Plaintiff's response does not address the criminal charges brought by Defendant Eckerson, so any argument pertaining to such conduct is waived. *See Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009) (stating "failure to oppose a basis for summary judgment constitutes waiver of that argument"). Second, Plaintiff's response only addresses the probation meetings in the context of an Eighth Amendment violation. *See* Pl.'s Opp. at 7–8. As stated earlier, the Court declines to address any Eighth Amendment arguments and consequentially any probation-related conduct.

supported by applicable law. Second, Plaintiff's general denial of consent is not only insufficient to survive summary judgment, but it also contradicts her earlier admission of consent. *See Young Am.'s Found. v. Kaler*, 14 F.4th 879, 888 (8th Cir. 2021) ("[A]t the summary judgment stage the plaintiff must set forth by affidavit or other evidence specific facts to meet its burden." (internal quotations omitted)); *Mann*, 497 F.3d at 825. Because Plaintiff admitted her conduct was voluntary, there is no Fourth Amendment violation. *See United States v. Perez-Sosa*, 164 F.3d 1082, 1084 (8th Cir. 1998) (finding "the [Fourth] Amendment is not triggered by a consensual encounter between an officer and a private citizen").

**B.    Defendant Eckerson did not violate Plaintiff's Fourteenth Amendment rights.**

Likewise, Defendant Eckerson argues there can be no Fourteenth Amendment violation because Plaintiff voluntarily consented to the sexual relationship and drug usage. Plaintiff argues her Fourteenth Amendment rights were violated via the state-created-danger theory. However, as best the Court can tell, Plaintiff only tailors this argument to Defendant Harrison County. *See* Pl.'s Opp. 8–9. Interpreted this way, Plaintiff's failure to respond to Defendant Eckerson's argument constitutes waiver of the issue. *See Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009).

However, assuming Plaintiff did not waive the issue, her Fourteenth Amendment claim still fails. As a general matter, "[t]o establish a substantive due process violation, [Plaintiff] must demonstrate that a fundamental right was violated and that [Defendant's] conduct shocks the conscience." *Folkerts v. City of Waverly, Iowa*, 707 F.3d 975, 980 (8th Cir. 2013); *see County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998) ("[T]he threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."). "Whether conduct shocks the conscience is a question of

8

Case 5:20-cv-06135-DGK   Document 99   Filed 06/02/23   Page 8 of 11

law." *Folkerts*, 707 F.3d at 980.

Here, Plaintiff has not demonstrated that a fundamental right was violated since she admitted the sexual encounters and drug usage were consensual, which ends the analysis. *See, e.g.*, *Roberts v. U.S. Jaycees*, 468 U.S. 609, 617–18 (1984) (holding the "choice[] to enter into and maintain certain intimate human relationships" is "protect[ed] as a fundamental element of personal liberty"). And again, her general denial of consent is not enough to survive summary judgment nor her earlier admission of consent. *See Young Am.'s Found.*, 14 F.4th at 888; *Mann*, 497 F.3d at 825. Thus, Defendant Eckerson is entitled to summary judgment on Count I.

II. **Defendant Harrison County is entitled to summary judgment on Counts III and IV.**

As best the Court can tell, Count III is premised on a § 1983 "willful failure to supervise" claim; and Count IV—alleging violations of the Fourth and Fourteenth Amendments[4]—is premised on theories that Defendant Harrison County provided "inadequate training and instruction" and "inadequate discipline" of its employees, "inadequate hiring procedures for screening prospective employees," and had unconstitutional customs. Pl.'s Compl. at ¶89. Defendant Harrison County argues that it need not examine the specific elements of these theories because the uncontroverted facts demonstrate Plaintiff suffered no constitutional deprivation given her voluntary consent to the sexual relationship and drug usage. *See* Df. Harrison County's Suggestions in Supp. at 5 n.1, ECF No. 85. The Court agrees and reiterates its analysis above in finding no constitutional deprivation occurred.

Plaintiff's state-created-danger theory as it applies to Defendant Harrison County does not change the Court's determination either. Under the state-created-danger theory, "the state owes a

---

[4] As indicated earlier, it is unclear whether Count IV of Plaintiff's complaint incorporates both the Fourth and Fourteenth Amendment. Nonetheless, the Court analyzes both Amendments out of an abundance of caution.

duty to protect individuals if it created the danger to which the individuals are subjected." *Fields v. Abbott*, 652 F.3d 886, 890 (8th Cir. 2011) (quoting *Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005)). To succeed on this theory, Plaintiff must prove: "(1) that she was a member of a limited, precisely definable group, (2) that the municipality's conduct put her at a significant risk of serious, immediate, and proximate harm, (3) that the risk was obvious or known to the municipality, (4) that the municipality acted recklessly in conscious disregard of the risk, and (5) that in total, the municipality's conduct shocks the conscience." *Fields*, 652 F.3d at 891 (internal quotation marks omitted).

As best the Court can tell, Plaintiff believes Defendant Harrison County had an affirmative duty to protect her from Defendant Eckerson because she would not have met him but for her CI status, and Defendant Harrison County failed to protect her from him despite Prosecutor Stallings and multiple law enforcement officers knowing about the missing drugs and/or allegations of sexual misconduct. *See* Pl.'s Opp. at 9. This argument is conclusory at best.

Plaintiff has not provided evidence suggesting Defendant Harrison County's conduct put her at a "significant risk of serious, immediate, and proximate harm." The undisputed material facts show Plaintiff was the one who voluntarily invited Defendant Eckerson to her residence—telling him to "come over and get some"—in the hopes of helping her brother out of legal trouble. And while Prosecutor Stallings and some officers knew about the relationship and missing drugs after the fact, nothing suggests a risk was "obvious or known to the municipality" at the time of her relationship with Defendant Eckerson. *See Hart*, 432 F.3d at 806–07 (discussing timing). Thus, Defendant Harrison County is entitled to summary judgment on Counts III and IV.

10

Case 5:20-cv-06135-DGK   Document 99   Filed 06/02/23   Page 10 of 11

duty to protect individuals if it created the danger to which the individuals are subjected." *Fields v. Abbott*, 652 F.3d 886, 890 (8th Cir. 2011) (quoting *Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005)). To succeed on this theory, Plaintiff must prove: "(1) that she was a member of a limited, precisely definable group, (2) that the municipality's conduct put her at a significant risk of serious, immediate, and proximate harm, (3) that the risk was obvious or known to the municipality, (4) that the municipality acted recklessly in conscious disregard of the risk, and (5) that in total, the municipality's conduct shocks the conscience." *Fields*, 652 F.3d at 891 (internal quotation marks omitted).

As best the Court can tell, Plaintiff believes Defendant Harrison County had an affirmative duty to protect her from Defendant Eckerson because she would not have met him but for her CI status, and Defendant Harrison County failed to protect her from him despite Prosecutor Stallings and multiple law enforcement officers knowing about the missing drugs and/or allegations of sexual misconduct. *See* Pl.'s Opp. at 9. This argument is conclusory at best.

Plaintiff has not provided evidence suggesting Defendant Harrison County's conduct put her at a "significant risk of serious, immediate, and proximate harm." The undisputed material facts show Plaintiff was the one who voluntarily invited Defendant Eckerson to her residence—telling him to "come over and get some"—in the hopes of helping her brother out of legal trouble. And while Prosecutor Stallings and some officers knew about the relationship and missing drugs after the fact, nothing suggests a risk was "obvious or known to the municipality" at the time of her relationship with Defendant Eckerson. *See Hart*, 432 F.3d at 806–07 (discussing timing). Thus, Defendant Harrison County is entitled to summary judgment on Counts III and IV.

## Conclusion

Defendants' motions for summary judgment are GRANTED.

**IT IS SO ORDERED.**

Date: <u>June 2, 2023</u>　　　　　　　　　　　　　<u>/s/ Greg Kays					</u>
　　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT